UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **David E. Travis,** | ) | **CASE NO. 1:09 CV 2606** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Margaret Beightler, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge White (Doc. 13) which recommends denial of the Petition for Writ of Habeas Corpus pending before the Court. For the following reasons, the Report and Recommendation is ACCEPTED.

**Introduction**

Petitioner, David E. Travis, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge issued his Report and Recommendation recommending that the Petition be denied. Petitioner filed Objections to the Report and Recommendation.

1

**Discussion**

Although petitioner states that he objects to the findings of the Magistrate Judge as to both grounds asserted in his Petition, petitioner makes no specific objection as to Ground Two. This amounts to only a general objection as to this ground, which in habeas cases is treated as no objection at all and which results in only clear error review.  *See Zimmerman v. Davis*, 2011 WL 1233357 (E.D.Mich. 2011) ("The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir.2006). Only specific objections are entitled to *de novo* review; vague and conclusory objections amount to a complete failure to object as they are not sufficient to pinpoint those portions of the R & R that are legitimately in contention. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986)).") and *Doliboa v. Warden U.S. Penetentiary*, 2011 WL 900965 (S.D.Ohio 2011) (citations and internal quotations omitted) ("General objections are insufficient to preserve any issues for review; a general objection to the entirety of the magistrate's report has the same effects as would a failure to object.") Accordingly, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the Report and Recommendation as to Ground Two.

With regard to Ground One, the Court will apply the *de novo* standard of review provided for in Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts which states, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made.  The judge may accept, reject, or modify any proposed finding or recommendation."

Petitioner was sentenced to seven years imprisonment in 2007 after a bench trial wherein he was found guilty of one count of rape and one count of gross sexual imposition. He raised two

grounds for relief in his Petition.  Ground One asserts ineffective assistance of trial counsel.  Ground Two asserts ineffective assistance of appellate counsel.  The Magistrate Judge concluded that neither ground warrants issuing of the writ.

In Ground One, petitioner asserts that trial counsel was ineffective in failing to object to improper testimony and elicited prejudicial testimony from petitioner about his prior bad acts during direct examination. The state appellate court, applying *Strickland,* rejected this claim by concluding that both alleged instances of ineffectiveness involve trial tactics and sound trial strategy.  The Court agrees with the Magistrate Judge that there is no showing that the state court's decision was contrary to, or involved an unreasonable application of, *Strickland.* Additionally, as the Magistrate Judge noted, courts have long presumed that judges conducting bench trials are able to distinguish between admissible and inadmissible evidence without violating the Constitution.

The Court has reviewed the Magistrate's conclusions as to Ground Two and finds no clear error.  Accordingly, petitioner has not demonstrated ineffective assistance of appellate counsel.

For these reasons, and those stated in the Report and Recommendation which is fully incorporated herein by reference, the claims for relief fail.

**Conclusion**

Accordingly, the Report and Recommendation is accepted. The Petition for Writ of Habeas Corpus is denied.  Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a

certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

      IT IS SO ORDERED.


                                       /s/ Patricia A. Gaughan
                                       PATRICIA A. GAUGHAN
                                       United States District Judge

Dated: 4/20/11